OSCN Found Document:IN RE AMENDMENT TO OKLAHOMA SUPREME COURT RULE 1.200

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 IN RE AMENDMENT TO OKLAHOMA SUPREME COURT RULE 1.200
2023 OK 21
Decided: 03/06/2023
THE SUPREME COURT OF THE STATE OF OKLAHOMA

Cite as: 2023 OK 21, __ P.3d __

 

IN RE: Amendment to Oklahoma Supreme Court Rule 1.200

ORDER

¶1 Oklahoma Supreme Court Rule 1.200 is hereby amended as shown on the attached Exhibits A and B. The amended rule shall be effective immediately.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 6th DAY OF MARCH, 2023.

/S/CHIEF JUSTICE

ALL JUSTICES CONCUR.

 

 

Exhibit A 

Oklahoma Supreme Court Rule 1.200.

(c)(6) All memorandum opinions, unless otherwise required to be published, shall be marked: "Not for Official Publication." Because unpublished opinions are deemed to be without value as precedent and are not uniformly available to all parties, opinions so marked shall not be considered as precedent by any court. Opinions marked "Not for Official Publication" by the Court of Civil Appeals may only be cited (1) in trial court proceedings, if no published opinion of the Supreme Court or Court of Civil Appeals would serve as well and (2) in the Supreme Court, as grounds for certiorari due to inconsistent opinions from the Court of Civil Appeals. No unpublished opinion by the Court of Civil Appeals should ever be cited in appellate briefs or cases unless it is part of the trial court record or it is cited as grounds for certiorari due to inconsistent opinions of the Court of Civil Appeals. Such unpublished opinions may not be cited until mandate has issued. Any brief or other material presented to any court which includes a reference or citation to an unpublished opinion, shall indicate in a parenthetical that the disposition is unpublished and shall also include a copy of or hyper-link to the unpublished opinion. See Okla. Sup. Ct. R. 1.11(l). Opinions marked Not For Official Publication shall not be published on the Oklahoma State Courts Network, nor in the Oklahoma Bar Journal.

(d) Effect of Publication of Formal Opinion.

(2) Opinions of the Court of Civil Appeals which resolve novel or unusual issues may be designated for publication, at the time the opinion is adopted, by affirmative vote of at least two members of the division responsible for the opinion. Such opinions shall remain unpublished until after mandate issues, after which time they shall be published in the Oklahoma Bar Journal, the Oklahoma State Courts Network , and in any unofficial reporter. Such opinions shall bear the notation "Released for publication by order of the Court of Civil Appeals ", and shall be considered to have persuasive effect. Any such opinion, however, bearing the notation "Approved for publication by the Supreme Court" has been so designated by the Supreme Court pursuant to 20 O.S. § 30.5, and shall be accorded precedential value. If approved for publication by the Supreme Court, the citation should note such in a parenthetical, e.g., Lawson v. Citizen Energy II, LLC, 2021 OK CIV APP 1, 481 P.3d 287 (approved for publ'n by Okla. Sup. Ct.). The Supreme Court retains the power to order opinions of the Court of Civil Appeals withdrawn from publication.

(f)(2) Opinions of the Oklahoma Court of Civil Appeals.

Parties and courts should always cite to and rely on precedential opinions when they exist, rather than relying on persuasive opinions or opinions with no effect. If a published precedential opinion that addresses the relevant point does not exist, parties and courts should cite to or rely on published opinions over unpublished opinions. See Okla. Sup. Ct. R. 1.200(b).

Published opinions of the Oklahoma Court of Civil Appeals shall be cited by reference to the Supreme Court's official paragraph citation form. Parallel citation to Pacific Reporters is required. Opinions of the Court of Civil Appeals are subject to the other provisions of Rule 1.200.

Examples of citation form:

Stewart v. Gonzalez, 2020 OK CIV APP 67, ¶ 2, 481 P.3d 285, 286.

Stewart v. Gonzalez, 2020 OK CIV APP 67, ¶ 2 n.1, 481 P.3d 285, 286 n.1.

If approved for publication by the Supreme Court, the citation should note such in a parenthetical, e.g., Lawson v. Citizen Energy II, LLC, 2021 OK CIV APP 1, 481 P.3d 287 (approved for publ'n by Okla. Sup. Ct.).

Citation to an unpublished opinion, pursuant to Okla. Sup. Ct. R. 1.200(c)(5), should note such in a parenthetical, e.g., Hughes v. Kilkenny Arms Inc., No. 120,269, slip op. at 3 (COCA Div. I Jul. 22, 2022) (unpublished). If a petition for certiorari was denied on an unpublished opinion, that should also be noted in the citation, e.g., Bartlett v. Hendricks, No. 118,206, slip op. at 3 (COCA Div. III May 21, 2021) (unpublished), cert. denied (Okla. Sup. Ct. Jan. 18, 2022).

 

 

Exhibit B

Oklahoma Supreme Court Rule 1.200

(c)(6) All memorandum opinions, unless otherwise required to be published, shall be marked: "Not for Official Publication." Because unpublished opinions are deemed to be without value as precedent and are not uniformly available to all parties, opinions so marked shall not be considered as precedent by any court. Opinions marked "Not for Official Publication" by the Court of Civil Appeals may only be cited (1) in trial court proceedings, if no published opinion of the Supreme Court or Court of Civil Appeals would serve as well and (2) in the Supreme Court, as grounds for certiorari due to inconsistent opinions from the Court of Civil Appeals. No unpublished opinion by the Court of Civil Appeals should ever be cited in appellate briefs or cases unless it is part of the trial court record or it is cited as grounds for certiorari due to inconsistent opinions of the Court of Civil Appeals. Such unpublished opinions may not be cited until mandate has issued. Any brief or other material presented to any court which includes a reference or citation to an unpublished opinion, shall indicate in a parenthetical that the disposition is unpublished and shall also include a copy of or hyper-link to the unpublished opinion. See Okla. Sup. Ct. R. 1.11(l). Opinions marked Not For Official Publication shall not be published on the Oklahoma State Courts Network, nor in the Oklahoma Bar Journal.

(d) Effect of Publication of Formal Opinion.

(2) Opinions of the Court of Civil Appeals which resolve novel or unusual issues may be designated for publication, at the time the opinion is adopted, by affirmative vote of at least two members of the division responsible for the opinion. Such opinions shall remain unpublished until after mandate issues, after which time they shall be published in the Oklahoma Bar Journal, the Oklahoma State Courts Network , and in any unofficial reporter. Such opinions shall bear the notation "Released for publication by order of the Court of Civil Appeals ", and shall be considered to have persuasive effect. Any such opinion, however, bearing the notation "Approved for publication by the Supreme Court" has been so designated by the Supreme Court pursuant to 20 O.S. § 30.5, and shall be accorded precedential value. If approved for publication by the Supreme Court, the citation should note such in a parenthetical, e.g., Lawson v. Citizen Energy II, LLC, 2021 OK CIV APP 1, 481 P.3d 287 (approved for publ'n by Okla. Sup. Ct.). The Supreme Court retains the power to order opinions of the Court of Civil Appeals withdrawn from publication.

(f)(2) Opinions of the Oklahoma Court of Civil Appeals.

Parties and courts should always cite to and rely on precedential opinions when they exist, rather than relying on persuasive opinions or opinions with no effect. If a published precedential opinion that addresses the relevant point does not exist, parties and courts should cite to or rely on published opinions over unpublished opinions. See Okla. Sup. Ct. R. 1.200(b).

Published opinions of the Oklahoma Court of Civil Appeals shall be cited by reference to the Supreme Court's official paragraph citation form. Parallel citation to Pacific Reporters is required. Opinions of the Court of Civil Appeals are subject to the other provisions of Rule 1.200.

Examples of citation form:

Stewart v. Gonzalez, 2020 OK CIV APP 67, ¶ 2, 481 P.3d 285, 286.

Stewart v. Gonzalez, 2020 OK CIV APP 67, ¶ 2 n.1, 481 P.3d 285, 286 n.1.

If approved for publication by the Supreme Court, the citation should note such in a parenthetical, e.g., Lawson v. Citizen Energy II, LLC, 2021 OK CIV APP 1, 481 P.3d 287 (approved for publ'n by Okla. Sup. Ct.).

Citation to an unpublished opinion, pursuant to Okla. Sup. Ct. R. 1.200(c)(5), should note such in a parenthetical, e.g., Hughes v. Kilkenny Arms Inc., No. 120,269, slip op. at 3 (COCA Div. I Jul. 22, 2022) (unpublished). If a petition for certiorari was denied on an unpublished opinion, that should also be noted in the citation, e.g., Bartlett v. Hendricks, No. 118,206, slip op. at 3 (COCA Div. III May 21, 2021) (unpublished), cert. denied (Okla. Sup. Ct. Jan. 18, 2022).

 

 

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
2023 OK 62, 532 P.3d 21, 
MTGLQ INVESTORS v. WITHERSPOON
Cited

Title 12. Civil Procedure

 
Cite
Name
Level

 
12 O.S. RULE 1.200, 
OPINIONS OF THE SUPREME COURT AND THE COURT OF CIVIL APPEALS
Cited

 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA